UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| NAVOISE E. GARDNER, | ) | CASE NO. 5:08CV2897 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

      Pro se petitioner Navoise E. Gardner filed the above-captioned petition for a writ of habeas corpus against the United States pursuant to 28 U.S.C. § 2241. Mr. Gardner alleges the sentencing court lacked authority to preside over his criminal trial because the statutory basis for its jurisdiction, 18 U.S.C. § 3231, is unconstitutional. He describes § 3231 as a "political bill," which is not authorized by the United States Constitution. As such, petitioner asserts he is entitled to immediate release. Mr. Gardner also filed a Petition to Expedite Dismissal of Case No. 5:07cr0574 [Dkt.#4], which is dismissed for the same reasons his § 2241 petition is dismissed.[1]

---

    [1]Petitioner also filed a Notice of Motion and Motion for Judgment on the Pleadings on
(continued...)

*Background*

The "Statement of Facts" is comprised of four sentences. Petitioner was indicted in this court in 2007. See United States v. Robinson, et al., No. 5:07cr0574 (N.D. Ohio filed Nov. 15, 2007).[2] Mr. Gardner was arrested December 5, 2007 and arraigned on January 4, 2008. He changed a plea of innocence to guilty during a hearing before Judge Sara Lioi on September 22, 2008. Judge Lioi sentenced Mr. Gardner to 62 months imprisonment on December 11, 2008, with credit for time served. He was immediately remanded to the custody of the U.S. Marshal to begin service of his sentence.[3]

*Analysis*

Mr. Gardner raises six issues in his petition before this court; namely: (1) the court's jurisdiction ceased when no probable cause affidavit was issued, in violation of the Fourth Amendment; (2) the court lacked jurisdiction to prosecute pursuant to Title 18 of the Criminal Code; (3) the actions of district court violated 28 U.S.C. § 455; (4) the sentencing judge was not an Article III Judge and, thus, lacked authority to sentence him; (5) the sale of conviction bonds renders the proceedings void; and, (6) the grand jury proceedings violated the doctrine of

---

[1](...continued)
February 27, 2009, pursuant to Federal Civil Rule 12(c). He sought to dismiss the criminal indictment filed against him. Considering the fact that Rule 12(c) applies to civil lawsuits, as well as the fact Mr. Gardner already pled guilty to count one in the indictment, the court will decline to analyze the merits this claim.

[2]Petitioner was one of thirteen individuals indicted in the case.

[3]While the signature block of Mr. Gardner's petition identifies his address as 860 North Chandler Place, Chandler, Arizona, the Bureau of Prisons' (BOP) website indicates petitioner is registered at the Federal Correctional Institution (F.C.I.) Englewood in Englewood, Colorado under prisoner no. 59635-019. See http://www.bop.gov/iloc2/LocateInmate.jsp.

separation of powers. He consistently claims the district court obtained jurisdiction over him "pursuant to a grant issued by Congress by Public Law 80-772, Title 18 of the criminal code. That law contained a jurisdictional section, 18 U.S.C. § 3231, which gave the district court authority to prosecute Petitioner." (Pet. Expedite at 1-2.) Mr. Gardner argues that § 3231 is unconstitutional, because Public Law 80-772 was allegedly never properly enacted. As such, petitioner maintains the court could never exercise jurisdictional authority under 18 U.S.C. § 3231. He maintains this is a 'direct violation of the Constitution because it allegedly relies on the use of "political bill" to imprison him.

Petitioner argues further that his continued incarceration violates 28 U.S.C. § 455. This court's refusal to address the issues he presents would allegedly create "a prima facie case of bias throughout the entire proceedings of this case, structural error."[4] (Pet. Expedite at 7.)

---

[4] There is a subparagraph to section 455 which lists particular circumstances when recusal of a judge is required. United States v. Alabama, 828 F.2d 1532, 1541 (11th Cir. (1987) ("The statute also states that the parties cannot waive the per se rules of disqualification set out in § 455(b).") (footnote omitted) cert. denied sub nom., 487 U.S. 1210 (1988). When a judge is required to disqualify him or herself includes the following circumstances:

> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
>
> (2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;
>
> (3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in

(continued...)

He seeks a show cause order why he should not be immediately released from custody; an order declaring 18 U.S.C. § 3231 unconstitutional; a declaration of "actual innocence of the crimes alleged;"a determination of whether to sanction the Department of Justice for bringing charges under an allegedly unconstitutional statute, and other relief the court finds appropriate.

*28 U.S.C. § 2241*

Mr. Gardner clearly believes he is unlawfully imprisoned. Before this court can begin to address the validity of his claims, however, it must first determine it has subject matter jurisdiction. Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94(1998)("Without jurisdiction, court cannot proceed at all in any cause; jurisdiction is power to declare law, and when it ceases to exist, the only function remaining to court is that of announcing the fact and dismissing cause")(citation omitted).

The exclusive post-conviction remedy for testing the validity of federal judgments and sentences is through an application under 28 U.S.C. § 2255, unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir.2000) ("[W]hen

---

⁴(...continued)
　　　　　　　controversy;

　　　　　　　(4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;

　　　　　　　(5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person.

28 U.S.C. § 455(b). Not a single circumstance, as outlined in the statute, applies to the facts at issue in Mr. Gardner's petition.

§ 2255 proves 'inadequate or ineffective to test the legality of ... detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241.") A federal prisoner is not permitted to challenge his conviction and sentence under § 2241 "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255 (last clause in fifth paragraph, the "savings clause"); Charles v. Chandler, 180 F.3d 753, 755-56 (6th Cir.1999); Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998). Stated differently, habeas relief pursuant to 28 U.S.C. § 2241 may only be sought after the remedy provided under section 2255 is determined to be inadequate or ineffective under the statute's savings clause. Jeffers v. Chandler, 253 F.3d 827, 830-31 (5th Cir.2000), cert. denied, 534 U.S. 1001 (2001). It is the petitioner who bears the burden of showing the inadequacy or ineffectiveness of a section 2255 motion. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir.1979).

The fact that relief under section 2255 is barred procedurally by the gatekeeping requirements of section 2255 does not render a petitioner's remedy under section 2255 'inadequate or ineffective.' See e.g., Chandler, 180 F.3d at 756. Moreover, the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, see In re Dorsainvil, 119 F.3d 245, 251 (3d Cir.1997), Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988), or because the petitioner has been denied permission to file a second or successive motion to vacate. See In re Davenport, 147 F.3d 605, 608 (7th Cir.1998).

Mr. Gardner has failed to allege any valid basis upon which he can argue his

5

remedy under § 2255 is inadequate or ineffective to test the legality of his detention. As such, this court lacks subject matter jurisdiction to address the challenges to his conviction in a § 2241 petition.

Based on the foregoing, Mr. Gardner's § 2241 petition and Petition to Expedite are denied pursuant to 28 U.S.C. §2243, but without prejudice to any §2255 motion petitioner may file in the sentencing court.[5] The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

  S/Christopher A. Boyko
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

March 30, 2009

---

[5] In In re Shelton, 295 F.3d 620, 622 (6th Cir.2002) (citing Adams v. United States, 155 F.3d 582, 584 (2nd Cir.1998)), the Sixth Circuit held that, with regard to pro se litigants in particular,

> '[D]istrict courts should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255 unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized.' Unless such a warning is provided, a re-characterized § 2255 motion must not be counted against the prisoner for purposes of the bar on successive motions.